UNITED STATES ex rel. SCHLEITER v. WILLIAMS, Com'r of Immigration.

(District Court, S. D. New York. March 6, 1913.)

1. HABEAS CORPUS (§ 82*)—PRODUCTION OF PERSON—NECESSITY—ALIENS.

Under Immigration Act (Act Feb. 20, 1907, c. 1134, 34 Stat. 901 [U. S. Comp. St. Supp. 1911, p. 505]) § 10, providing that the decision of the board of special inquiry, based on the certificate of the medical officer that an alien applying to enter is feeble-minded, etc., is final, the court on habeas corpus being without authority to enter on a personal inquiry as to whether the alien is a proper subject to be excluded, it was not material that the alien was not personally produced in court in response to the writ.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 74; Dec. Dig. § 82.*]

2. HABEAS CORPUS (§ 76*)—EXCLUSION—CERTIFICATE—FORM.

In habeas corpus proceedings to review determination of the board of special inquiry directing the deportation of an alien because of feeble-mindedness, a return under oath stating that the board was duly constituted, and that the certificate of the examining medical officers was duly made, was not fatally defective for failure to show in detail the facts on which it was stated that the certificate was duly made, to wit, that the officers were of the United States public health and marine hospital service, that each had at least two years' experience in the practice of his profession, etc.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 67; Dec. Dig. § 76.*]

3. HABEAS CORPUS (§ 23*)—EXCLUSION—FEEBLE-MINDEDNESS—BOARD OF SPECIAL INQUIRY—CERTIFICATE—PHYSICIAN'S REPORT.

Under Immigration Act (Act Feb. 20, 1907, c. 1134, 34 Stat. 901 [U. S. Comp. St. Supp. 1911, p. 505]) § 10, providing that the decision of the board of special inquiry finding that an immigrant should be excluded for feeble-mindedness is final, the report of a physician that in his opinion the immigrant was not feeble-minded could not be considered on habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 17; Dec. Dig. § 23.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Habeas corpus by the United States, on relation of Blume Schleiter, to obtain a release from custody of William Williams, Commissioner of Immigration, under a deportation warrant. Writ dismissed, and alien remanded.

This is a proceeding brought on behalf of an alien immigrant held for deportation as being within one of the excluded classes. She arrived at the port of New York on the steamship America on February 2, 1913. The return shows that upon arrival she was examined before a board of special inquiry, three sitting, and that there was also before the board a certificate of three examining medical officers, Drs. Grubb, Mullan, and Gwynn, which stated that she had been examined and found to be "feeble-minded." The act (Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898 [U. S. Comp. St. Supp. 1911, p. 500]) excludes all aliens who are "idiots, imbeciles, feeble-minded," etc. She was therefore excluded.

Douglas A. Levien, of New York City, for relator.

John N. Boyle, Asst. U. S. Atty., of New York City, for Immigration Com'r.

LACOMBE, Circuit Judge. The points raised by relator's counsel are as follows:

[1] 1. That the body of the relator was not actually produced in court on the return day. It is not infrequent practice, originating in cases where the alien has some contagious disease, to dispense with his production in the court, unless some purpose might be served by his attendance, such as opportunity to converse with counsel. It is contended that in this case such attendance was necessary in order that "the court might have an opportunity to see and converse with the immigrant, and from personal inspection judge as to whether she is a proper subject to be excluded." Inasmuch as section 10 provides that in such cases as this the decision of the board of special inquiry, based upon the certificate of the medical officer, shall be final, the court is without authority to enter upon a personal inquiry as to whether the alien is a "proper subject to be excluded." Therefore there is no necessity for the court to see and converse with her.

[2] 2. That there is no proper certification of the certificate and examination. So far as can be made out from the papers, the ground of this objection seems to be that although the return states under oath that the board of special inquiry was duly constituted, and that the certificate of the examining medical officers was duly made, the return does not show in detail the facts upon which it is stated that the certificate was duly made, to wit, that they were officers of the United States public health and marine hospital service; that each of them has had at least two years' experience in the practice of his profession, etc. The point is not well taken.

[3] 3. A report of a physician stating that in his opinion the immigrant is not feeble-minded has been filed with the brief. Since the official certificate is final, it cannot be considered. Re Neuwirth (C. C.) 123 Fed. 347.

The writ is dismissed, and the alien is remanded.